IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3218-FL

| | | |
|---|---|---|
| BRIAN LEE NESTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss or, alternatively, for summary judgment (DE 31), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. Plaintiff did not respond to the motion but filed a motion for mediator or other relief (DE 36). In this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a former federal inmate proceeding pro se, commenced this action by filing a complaint on July 27, 2023, asserting claims for violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Plaintiff alleges defendant was negligent, negligent per se, and negligently inflicted emotional distress when a prison transport driver backed a bus into a second transport bus and plaintiff fell to the ground injuring himself. He also alleges negligent spoliation of evidence.

Following a period of discovery, defendant filed the instant motion to dismiss or, in the alternative, for summary judgment. Defendant argues plaintiff fails to establish the driver's actions were the proximate cause of plaintiff's injuries and plaintiff failed to respond to discovery requests. In support, defendant relies on a memorandum in support, statement of material facts,

and appendix of exhibits thereto comprised of defendant's first set of interrogatories and first set of requests for production of documents. The court provided plaintiff notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that failure to respond may result in dismissal of the action. Plaintiff did not respond to defendant's motion but instead filed a motion for mediator or other relief. In his motion, plaintiff seeks return of good time credit loss or return of documents confiscated by the Federal Bureau of Prisons ("FBOP"), as well as appointment of a mediator in the matter. Plaintiff's motion does not address the arguments put forth in support of defendant's motion.

## STATEMENT OF THE FACTS

The facts, viewed in the light most favorable to plaintiff, may be summarized as follows.[1] The relevant events occurred in the circular drive outside the Federal Medical Center at the Butner Federal Correctional Complex ("FMC Butner"), while plaintiff was being returned to the Butner Low Security Correctional Institution ("LSCI"). (Compl. (DE 1) at 2).[2] On March 1, 2023, plaintiff was sitting in the last bench row seat on the passenger side of a prisoner transport bus in handcuffs and shackles. (Id. at 3–4; Clark Decl. (DE 1-1) at 2; Salters Decl. (DE 10-1) at 1). The correctional officer driving the transport bus reversed from the FMC Butner medical building, braking hard after colliding with a second transport bus behind it. (Compl. (DE 1) at 2; Clark Decl. (DE 1-1) at 2; Salters Decl. (DE 10-1) at 1). Prior to reversing, the officer did not provide a lookout for incoming vehicles and did not check the review mirror. (Compl. (DE 1) at 3).

---

[1] The factual background is derived primarily from plaintiff's verified complaint (DE 1). The court also considers the verified declarations plaintiff submitted of his fellow inmates, Kevin Clark ("Clark") (DE 1-1 at 2) and Eldred Salters ("Salters") (DE 10-1 at 1).

[2] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

Because the bus did not have seatbelts, plaintiff slid off his seat upon impact landing onto the floor of the bus. (Id. at 4; Clark Decl. (DE 1-1) at 2; Salters Decl. (DE 10-1) at 1). The impact affected the left side of plaintiff's body. (Compl. (DE 1) at 4). Plaintiff momentarily lost consciousness, and he required the assistance of prison staff to exit the bus and was placed on a stretcher to be transferred into FMC Butner for medical evaluation. (Compl. (DE 1) at 2–4; Clark Decl. (DE 1-1) at 2; Salters Decl. (DE 10-1) at 1). While staff was assisting plaintiff, he suffered a PTSD flashback where he was assaulted by correctional officers in the past. (Compl. (DE 1) at 7). The driver of the second bus drove away after the collision. (Compl. (DE 1) at 3; Clark Decl. (DE 1-1) at 2; Salters Decl. (DE 10-1) at 1).

Plaintiff told medical staff that he was experiencing pain in his neck and back, as well as in "areas of his left side, but mainly his shoulder." (Compl. (DE 1) at 4). Later that same day, medical staff observed plaintiff walking briskly, pushing his wheelchair to seek medical treatment because he was in a rush to seek care. (Id.). Plaintiff inquired about the use of a walker, as opposed to a wheelchair, and was told he would have to ask medical staff at LSCI. (Id. at 5).

Upon his return to LCSI, plaintiff sought medical treatment describing his pain as "intense, starting from [the] right side of [his] lower back radiating to [his] midback," and as "sharp and shooting." (Id.). He rated his pain a nine out of ten. (Id.). Plaintiff continues to experience pain, especially in his back. (Id. at 6). He has only been given ibuprofen and Lanacaine to treat his pain. (Id.). Plaintiff also continues to suffer from nightmares about the collision and has reached out for mental health assistance. (Id.).

3

# DISCUSSION

A.     Motion for Mediator or Other Relief

Plaintiff's motion is not the model of clarity, but it appears he seeks either return of good time credit or return of documents confiscated by prison staff. The court construes plaintiff's motion as one for preliminary injunctive relief. Plaintiff fails to address or establish grounds for preliminary injunctive relief. See <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7, 20 (2008). And the motion is denied.

To the extent plaintiff requests an indefinite stay with no explanation, the request is denied. The request for mediator is also denied, where, as provided below, the court refers the instant case for court-hosted settlement conference.

B.     Motion for Summary Judgment

1.     Standard of Review

Summary judgment[3] is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986).[4]

---

[3]     The court construes respondent's motion as seeking summary judgment pursuant to Rule 56, where matters outside the pleadings have been submitted to the court and considered. Fed. R. Civ. P. 12(d).

[4]     Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

4

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2.  Analysis

Plaintiff alleges claims of negligence, negligence per se, and negligent infliction of emotional distress as to the driver of the transport bus, as well as negligent spoliation of evidence. The FTCA provides for a limited waiver of the United States' sovereign immunity for certain torts committed by federal employees. Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009); see also FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides that the United States is liable for negligent acts of federal employees only to the extent that "a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Therefore, a plaintiff "has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991).

Plaintiff's alleged injury occurred in North Carolina, and thus North Carolina tort law of negligence governs plaintiff's claim. 28 U.S.C. § 1346(b)(1); Miller, 932 F.2d at 303. Under North Carolina law, a negligence claim requires proof of "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." Bridges v. Parrish, 366 N.C. 539, 541 (2013); Camalier v. Jeffries, 340 N.C. 699, 706 (1995). As relevant here, "a prison official is liable [for negligence] when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners." State ex. rel. Williams v. Adams, 288 N.C. 501, 504 (1975); see also Taylor v. North Carolina Dep't of Correction, 88 N.C. App. 446, 448 (1988) ("[D]efendant [prison officials] had a duty of reasonable care to protect the plaintiff from reasonably foreseeable harm.").

6

A claim for negligent infliction of emotional distress requires that: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304 (1990). Negligence per se requires the plaintiff to show: (1) a duty created by a statute or ordinance; (2) that the statute or ordinance was enacted to protect a class of persons which includes the plaintiff; (3) a breach of the statutory duty; (4) that the injury sustained was suffered by an interest which the statute protected; (5) that the injury was of the nature contemplated in the statute; and (6) that the violation of the statute proximately caused the injury. See Hart v. Ivey, 332 N.C. 299, 303 (1992).

"Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred[.]" Hairston v. Alexander Tank & Equipment Co., 310 N.C. 227, 233 (1984) (collecting cases). In addition, a proximate cause is "one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed." Id. "Foreseeability is thus a requisite of proximate cause, which is, in turn, a requisite for actionable negligence." Id. "To establish that negligence is a proximate cause of the loss suffered, the plaintiff must establish that the loss would not have occurred but for the [defendant's] conduct." Rorrer v. Cooke, 313 N.C. 338, 361 (1985).

The burden rests upon a plaintiff to prove "from the evidence and by its greater weight that the defendant was negligent and that his negligence was the proximate cause, or one of the

proximate causes of the plaintiff's injury." Price v. Gray, 246 N.C. 162, 167 (1957). The issue of proximate cause is usually a question for the jury. Lamm v. Bassette Realty, Inc., 327 N.C. 412, 418 (1990); see also Olds v. United States, 473 Fed. App'x 183, 185 (4th Cir. 2012) (remanding, in part, on the basis that the court erred in resolving proximate cause issue at summary judgment stage because such issues are usually questions for the jury).

Defendant argues that plaintiff cannot establish the proximate cause element of the negligence claims based on the current record evidence. (Def. Mem. (DE 32) at 4–14). It further argues that, at trial, plaintiff would be required to submit medical expert testimony, but he cannot do so because he did not respond to discovery requests addressing medical experts. (Id.). Defendant, however, presents no evidence in opposition to the evidence presented in plaintiff's verified complaint and declarations. Defendant merely asserts medical expert testimony is required and posits plaintiff's symptoms may be due to natural degenerative aging. (Id. at 6–8). In the light most favorable to plaintiff, the evidence of record demonstrates a genuine issue of material fact as to whether the transport driver's failure to provide a lookout of other vehicles and to check the review mirror leading to a collision caused plaintiff's physical and emotional injuries. See Lamm, 327 N.C. at 418; Olds, 473 Fed. App'x at 185; (see also Compl. (DE 1) at 2–5). Further, specifically regarding plaintiff's claim for negligence per se, plaintiff has established that North Carolina General Statute § 20-140(b) creates a legal duty. (Compl. (DE 1) at 14-15).

Lastly, where there is no North Carolina law recognizing the tort for negligent spoliation of evidence, procedural federal law is applied. See Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009). Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable

litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). "The imposition of a sanction (e.g., an adverse inference) for spoliation of evidence is an inherent power of federal courts—though one limited to that action necessary to redress conduct which abuses the judicial process." Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 449 (4th Cir. 2004).

However, a sanction for spoliation "cannot be drawn merely from [a party's] negligent loss or destruction of evidence." Id. at 450. "[T]he conduct must be intentional," and "the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction." Turner, 736 F.3d at 282. Where plaintiff claims only negligent spoliation, he fails to establish a genuine issue of material fact, and defendant is entitled to judgment as a matter of law on this claim.

**CONCLUSION**

Based on the foregoing, defendant's motion for summary judgment (DE 31) is GRANTED in part and DENIED in part. The motion is granted as to plaintiff's negligent spoliation claims and those claims are DISMISSED. The motion is denied as to the remaining claims. Plaintiff's motion for mediator or other relief (DE 36) is DENIED.

Before entering a trial scheduling order, the court requires that the parties participate in a court-hosted settlement conference. Accordingly, pursuant to Local Alternative Dispute Rule 101.1, EDNC, this case is REFERRED to United States Magistrate Judge Kimberly A. Swank, for a court-hosted settlement conference, for the purpose of resolving all remaining issues in dispute. The magistrate judge will notify the parties how she wishes to proceed. Any decision regarding appointment of counsel for plaintiff for purposes of the settlement conference shall be within the

9

magistrate judge's discretion. In the event the parties do not reach a resolution of this action, further order regarding trial planning and scheduling will follow.

    SO ORDERED, this the 25th day of September, 2025.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge